| AOC-105   Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | [Seal]<br>**CIVIL SUMMONS** | Case No. 14-CI-00115<br>Court  ✓ Circuit ☐ District<br>County  Washington |
|---|---|---|

**PLAINTIFF**

Estate of Gladys L. Sandusky, by Peggy Sandusky, Administratrix

**VS.**

**DEFENDANT**

Springfield Nursing and Rehabilitation Center

420 East Grundy

Springfield          Kentucky          40069

**Service of Process Agent for Defendant:**
National Registered Agents, Inc.
306 W. Main Street, Suite 512

Frankfort          Kentucky          40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: __12-08__, 2014          JOANNE MUDD MILLER _____ Clerk
                                By: _____ D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____
this ____ day of _____, 2_____.
                                    Served by: _____
                                               _____ Title

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Robert J Riek
PREFERRED CARE, INC.
5500 W. PLANO PARKWAY
PLANO, TX 75093

SOP Transmittal # 526221021

800-592-9023 - Telephone

Entity Served: SPRINGFIELD NURSING AND REHABILITATION CENTER (Assumed Name) (Domestic State: TEXAS)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of KENTUCKY on this 11 day of December, 2014. The following is a summary of the document(s) received:

1. **Title of Action:** Estate of Gladys L. Sandusky, By Peggy Sandusky, Administratrix for and on behalf of the Estate of Gladys L. Sandusky, Pltf. vs. Springfield Nursing and Rehabilitation Center, et al., Dfts.

2. **Document(s) Served:** Other: Civil Summons, Complaint, Exhibit(s)

3. **Court of Jurisdiction/Case Number:** Washington County Circuit Court, KY
   Case # 14CI00115

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   ___ Personally served by:   ___ Process Server   ___ Deputy Sheriff   ___ U. S Marshall

   _X_ Delivered Via:   _X_ Certified Mail   ___ Regular Mail   ___ Facsimile

   ___ Other (Explain):

6. **Date of Receipt:** 12/11/2014

7. **Appearance/Answer Date:** Within 20 days following the day this paper is delivered to you

8. **Received From:** Jason E. Williams
   Williams Farmer & Towe Law Group
   802 N. Main Street
   P.O. Box 3199
   London, KY 40743
   606-877-5291

9. **Federal Express Airbill #** 772183768404

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, Robert J Riek BOB@RWTX.COM
Email Notification, JEANINE BREEDLOVE JEANINE.BREEDLOVE@PCITEXAS.NET
Email Notification, Anita Hungle anita.hungle@pcitexas.net

**NATIONAL REGISTERED AGENTS, INC.**           **CopiesTo:**

Transmitted by Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

COMMONWEALTH OF KENTUCKY
WASHINGTON CIRCUIT COURT
CIVIL ACTION NO.: 14-CI-00115
DIVISION I

FILED
CIRCUIT/DISTRICT COURT
DEC 08 2014
JOANNE MUDD MILLER, CLERK
BY: _____ D.C.

ESTATE OF GLADYS L. SANDUSKY, by
PEGGY SANDUSKY, ADMINISTRATRIX
for and on behalf of the ESTATE OF
GLADYS L. SANDUSKY                                              PLAINTIFFS,

vs.

SPRINGFIELD NURSING AND
REHABILITATION CENTER,
420 East Grundy
Springfield, KY 40069

    SERVE:    National Registered Agents, Inc.
                    306 W. Main Street
                    Suite 512
                    Frankfort, KY 40601

AND

SPRINGFIELD HEALTH FACILITIES, L.P.
5420 West Plano Parkway
Plano, TX 75093

    SERVE:    National Registered Agents, Inc.
                    306 W. Main Street
                    Suite 512
                    Frankfort, KY 40601

AND

SPRINGFIELD HEALTH FACILITIES GP, LLC
5420 West Plano Parkway
Plano, TX 75093

    SERVE:    National Registered Agents, Inc.
                    306 W. Main Street
                    Suite 512
                    Frankfort, KY 40601                    DEFENDANTS.

## COMPLAINT

Page 1 of 14

Comes the Plaintiff, the Estate of Gladys L. Sandusky, by and through, Peggy Sandusky, Administratix, for and on behalf of the Estate of Gladys L. Sandusky, and for their Complaint against the Defendants and states as follows.

1. Peggy Sandusky, as Administratrix of the Estate of Gladys L. Sandusky, was appointed Administratrix of the Estate of Gladys L. Sandusky on November 10, 2014.

2. Gladys L. Sandusky, (herein after "Sandusky"), died on September 23, 2014. On November 10, 2014, Peggy Sandusky was appointed Administrator of her Estate. (See attached Probate Order at Exhibit 1). The Plaintiff, Gladys Sandusky, was a resident of Washington County, Kentucky, residing at 333 Hardin Chapel Lane, Springfield, Kentucky 40069. The Administratrix of the Estate, Peggy Sandusky, is a resident of Washington County, Kentucky, and having as her residence 333 Hardin Chapel Lane, Springfield, Kentucky 40069. She brings this action on behalf of the Estate, for injuries suffered by Gladys L. Sandusky, before her death at the Defendants' facility.

3. The Defendant, Springfield Nursing and Rehabilitation Center, is a nursing home/rehabilitation center which operates a business in Springfield, Kentucky, but which is wholly owned by Defendant, Springfield Health Facilities, LP, a Foreign ULPA Limited Partnership, having as its principal office 5420 W. Plano Parkway, Plano, Texas 75093 and having as its registered agent, National Registered Agents, Inc., 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601. Springfield Nursing and Rehabilitation Center is an assumed name partnership and an assumed name of Springfield Health Facilities, LP.

4. The Defendant, Springfield Health Facilities GP, LLC, is a foreign general partnership and/or limited liability corporation having its principle office at 5420 West

Plano Parkway, Plano, Texas, 75093 and having as its registered agent, National Registered Agents, Inc., 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

5. All Defendants, Springfield Nursing and Rehabilitation Center, Springfield Health Facilities, LP and Springfield Health Facilities GP, LLC, owned and operate and/or manage Springfield Nursing and Rehabilitation Center, 420 East Grundy, Springfield, KY 40069.

6. The Defendants employed various nurses, nurses aids, and other health care provider employees who provided care to the Plaintiff, Gladys Sandusky, during both before and after October 13th, 2013.

7. The Plaintiffs' claims against the Defendants arise out of an incident which occurred on or about October 14th, 2013, in Washington County, Kentucky.

8. Plaintiffs' claims against the Defendants are in excess of minimum jurisdictional requirement of the Washington Circuit Court. Accordingly, Washington Circuit Court is the proper venue and jurisdiction of this action.

### COUNT I

9. The Plaintiffs re-allege and reaffirm each and every allegation set forth in the preceding paragraphs as if fully set forth verbatim herein.

10. At all times relevant hereto, Plaintiff, Gladys Sandusky, was a patient and resident of the Defendant, Springfield Nursing and Rehabilitation Center, which was owned, operated, or managed by the other listed Defendants, Springfield Health Facilities, L.P. and Springfield Health Facilities GP, LLC, (hereinafter the Defendants).

11. The Defendants hold themselves out as being skilled in the care and treatment of mental, physical, and medical problems of the community and at all times hereinafter mentioned acted by and through its agents, servants, representatives, and/or employees.

12. It was a duty of the Defendants, by and through its employees, agents, servants, representatives, and/or contractors/subcontractors to exercise towards the Plaintiff, Gladys Sandusky, that degree of care and skill ordinarily expected of reasonable and prudent nursing home under similar circumstances.

13. The Defendants, by and through its agents, servants, contractor and/or subcontractors, failed to exercise towards the Plaintiff, Gladys Sandusky, that degree or care and skill ordinarily expected of a reasonable and prudent nursing home and/or rehabilitation center under similar circumstances.

14. On or about October 14th, 2013, the Defendants negligently, wantonly, and/or recklessly failed to provide care, treatment, security and safety for the Plaintiff, Gladys Sandusky, whereby Gladys Sandusky suffered injuries to her body, including but not limited to, internal bleeding, bowel impaction, swelling and bruising to her head, face, nose and left eye, frontal scalp hematoma with nasal bone fractures.

15. The Defendants were aware of the Plaintiff, Gladys Sandusky's, medical needs, and conditions but negligently and/or recklessly failed to adhere to those needs.

16. As a direct and proximate result of the aforesaid negligence, recklessness, gross negligence, and/or wantonness of the Defendants, by and through its employees, agents, servant, and/or contractors/subcontractors, and of its own core negligence, recklessness, and/or gross negligence, the Plaintiff, Gladys Sandusky suffered serious personal injuries,

medical bills, pain and suffering, loss of enjoyment of life, and permanent injuries, all in excess of the minimum jurisdictional requirements of this Court.

17. Because of the Defendants' negligence, recklessness, gross negligence, and vicarious liability of itself and its employees, agents, servants, and/or contractors/subcontractors, Plaintiffs are entitled to punitive damages against the Defendants, pursuant to Kentucky Law.

## **COUNT II**

18. Plaintiffs re-allege and reaffirm each and every allegation set forth in the preceding paragraphs as if fully set forth verbatim herein.

19. At all times relevant to this Complaint, the Defendants had affirmative duties to abide by all applicable statutes and administrative regulations related to long-term nursing care facilities and to protect the Plaintiff, Gladys Sandusky's, rights.

20. At all times relevant to this Complaint, the Defendants are subject to licensing and regulatory rules of the Commonwealth of Kentucky.

21. The Defendants had a duty to exercise ordinary care, diligence and skill of a nursing home with the same degree of care and skill exercised by nursing homes in the community and consistent with the expertise which the Defendant publicized to the public.

22. The Plaintiff, Gladys Sandusky, was a member of the class of persons that the aforementioned statutes and administrative regulations were enacted to protect, thereby entitling Plaintiff to adopt the statutes and regulations as the standard of care of measuring the Defendants' conduct.

23. The Defendants were negligent in the operation of the healthcare facility and in their care for the decedent, Gladys Sandusky, by failing to ensure the Plaintiff's ability and activities of daily living were not diminished by failing to ensure that the Plaintiff's environment remain free of accidents or hazards, and by failing to ensure that the Plaintiff received adequate supervision or assistance to prevent accident and injuries.

24. The Defendants had knowledge of Plaintiff, Gladys Sandusky's, medical history, current conditions, medical needs, and special needs. In addition, the Defendants had knowledge of the Plaintiff's mental diminished capacity and of prior falls and accidents.

25. The Defendants, as a matter of law, negligently failed in their care of the Plaintiff, Gladys Sandusky, and said failures were a substantial factor and proximate cause of the physical injuries.

26. The Defendants, as contracted caretakers of the Plaintiff, Gladys Sandusky, committed negligence by depriving the Plaintiff, Gladys Sandusky of services necessary to maintain her health and welfare, pursuant to KRS 209.20(6), (15).

27. The Defendants failed to provide the personnel required to meet the needs of the Plaintiff, Gladys Sandusky, on a twenty-four (24) hour a day basis. *See* 900 KAR 2:040 5(e)3, (f)4; 902 KAR 20:048 4(2); 900 KAR 7:2(e), (f).

28. The Defendants failed to make available sufficient nursing personnel to assure that the Plaintiff, Gladys Sandusky, was protected from accident and injury and was treated with kindness and respect. *See* 902 KAR 20:045 4(2)(A)3; 902 KAR 20:048 4(2)(a); 900 KAR 7:2(e), (f).

29. Further, the Defendants violated the Kentucky Consumer Protection Act by misleading the Plaintiff, Gladys Sandusky, about their trade and commerce, i.e., that the

Defendants were staffed, equipped, and/or prepared to effectively and properly provide long-term care nursing services that would protect the safety and well being of the Plaintiff, Gladys Sandusky, KRS 367.110, et seq.

30. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, Gladys Sandusky, did suffer serious personal injury, required emergency medical treatment, was hospitalized, endured severe physical pain and suffering, and permanent injuries.

31. The Defendants held themselves out to the public at large as being willing and able to care for the Plaintiff, Gladys Sandusky, in an appropriate and proper manner.

32. At all times relevant hereto as mentioned herein, the Defendants were and remained a proprietary businesses engaged in the for-profit operation of a nursing facility which claimed to provide proper care and provide safety to residents/patients. Further, the Defendants held themselves out as specialists in the field of adult nursing care, with expertise necessary to maintain the health and safety of persons unable to care adequately for themselves.

33. The Defendants were under a contractual duty to provide reasonable and adequate health care to the Plaintiff, Gladys Sandusky, consistent with a facility under the same or similar circumstances and pursuant to the requirements previously set forth. At all times relevant hereto the Plaintiff, Gladys Sandusky, was a resident of Springfield Nursing and Rehabilitation Center, pursuant to the terms of her admission and as such, was under the exclusive control and care of the Defendants.

34. The Defendants refused or neglected to perform the duties to provide reasonable and adequate health care to and for the decedent who was unable to attend to her own health and safety.

35. The Defendants did negligently, carelessly, and recklessly fail to provide adequate care to the Plaintiff, Gladys Sandusky, during the furtherance of the Defendants' business.

36. While the Plaintiff, Gladys Sandusky, was a resident of Springfield Nursing and Rehabilitation Center, she sustained serious injury as a direct result of the improper care and supervision provided by the Defendants.

37. As a direct and proximate result of the Defendants' acts of commission and/or omission, the Plaintiff, Gladys Sandusky, sustained serious personal injuries, endured great physical pain, mental anguish, and became liable for expenses for medical and hospital care and treatment, all to her damage.

38. The Plaintiff seeks recovery from the Defendants, for the Plaintiff, Gladys Sandusky's, severe physical pain and suffering and a loss of enjoyment of life resulting from the negligence per se of the Defendants.

39. The Plaintiffs further seek any and all remedies and recoveries available for the Defendants violating the Plaintiff, Gladys Sandusky's, statutory rights set forth in the Kentucky Consumer Protection Act, KRS 367.110, et seq. The Plaintiff, Gladys Sandusky, purchased services from the Defendants for her personal purposes and suffered an ascertainable loss as a result of having been misled by Defendants about their ability to provide effective and proper nursing services to her. As provided by Kentucky law, the negligence and/or negligence per se of Defendants is actionable by Plaintiffs, and she

prays this Court to award all damages and equitable relief to which she is or may reasonably appear to be entitled.

40. The Plaintiffs pray for any and all other relief to which they may appear to be entitled as against these Defendants.

## COUNT III

41. The Plaintiffs reaffirms and re-allege each and every allegation previously set forth as though fully set forth verbatim herein.

42. The Defendants had a duty to provide ordinary care and to exercise the standard and degree of care and skill required of long term care nursing facilities in the Commonwealth of Kentucky and consistent with the expertise that Defendants presented to the community at large.

43. The Defendants were careless, negligent, and fell below the standard of care as is evidenced by their conduct of:

(a) negligently failing to care for the Plaintiff, Gladys Sandusky, in such a manner and in such an environment to promote her maintenance and/or enhance her quality of life;

(b) negligently failing to provide services and activities for the Plaintiff, Gladys Sandusky, to attain or maintain her highest practicable physical, mental and psycho social well being;

(c) negligently failing to provide and use medical devices needed to ensure the Plaintiff, Gladys Sandusky's, physical safety;

(d) negligently failing to provide the Plaintiff, Gladys Sandusky, with adequate supervision and assistive devices to prevent injury and accidents;

(e) negligently failing to provide services by sufficient numbers of personnel on a 24 hour basis to provide care for the Plaintiff, Gladys Sandusky;

(f) negligently operating and administering Springfield Nursing and Rehabilitation Center, in a manner that failed to provide services in compliance with all applicable laws, regulations and codes, and with accepted professional standards and principles that apply to professionals providing services in such a facility;

(g) negligently failing in the duty(s) as contracted caretaker to provide the services necessary to maintain the Plaintiff, Gladys Sandusky's, health and welfare, thereby committing "neglect" as that term is defined by the Kentucky Adult Protective statute, KRS 209.005, et. seq.;

(h) negligently failing to use protective and assistive devices with the Plaintiff, Gladys Sandusky;

(i) negligently failing to provide the personnel required to meet the needs of the Plaintiff, Gladys Sandusky, on a twenty-four (24) hour a day basis;

(j) negligently failing to make available sufficient nursing and supervision to assure that the Plaintiff, Gladys Sandusky, was protected from accident and injury;

(k) negligently failing to provide adequate, trained personnel to assure that the Plaintiff, Gladys Sandusky, was protected from accident and injury;

(l) negligently failing to protect the Plaintiff, Gladys Sandusky's, right to be treated with consideration, respect, and full recognition of her dignity and individuality; and

(m) negligently failing to ensure that the Plaintiff, Gladys Sandusky, was free from neglect and/or abuse.

44. As a direct and proximate result of the negligent and careless actions or inactions which fell below the standard of care, the Plaintiff, Gladys Sandusky, suffered severe mental and physical pain and suffering, mental anguish, emotional distress, bodily harm, required emergency treatment, was hospitalized, incurred medical expenses, and loss of enjoyment of life, all such damages being in an amount in excess of the jurisdictional limits of this Court.

45. That Plaintiffs further pray the Court to award any and all other relief, in law or in equity, to which Plaintiffs may reasonably appear entitled as against these Defendants.

46. As a direct and proximate result of the aforesaid negligence, recklessness, and/or gross negligence of the Defendants by and through its employee(s), agent(s), servant(s) and/or contractor(s)/subcontractor(s) and of its own accord, the Defendants are responsible for payment of damages to the Plaintiffs for Gladys Sandusky's personal injuries, medical bills, pain and suffering, loss of enjoyment of life, and other damages, all in excess of the minimum jurisdictional requirements of this Court.

47. As a result of the negligent, reckless, grossly negligent, and vicarious liability of itself and its employee(s), agent(s), servant(s), and/or contractor(s)/subcontractor(s), the Plaintiffs are entitled to punitive damages pursuant to Kentucky law against the Defendants.

### COUNT IV

48. The Plaintiffs reaffirm and re-allege each and every allegation previously set forth as though fully verbatim herein.

49. At all times relevant to this Complaint, the Defendants had agreed explicitly or implicitly via a contract with the Plaintiff, Gladys Sandusky, to provide her with nursing care services at its Springfield, Kentucky facility.

50. The Defendants occupied a position of confidence toward the Plaintiff, Gladys Sandusky, that demanded fidelity, loyalty, good faith and fair dealing on the part of any and all Defendants by virtue of the nature of care and treatment required by the Plaintiff, Gladys Sandusky, as well as the disparity of power and unequal bargaining positions existing between the Plaintiff, Gladys Sandusky and Defendants.

51. The contract between the Plaintiff, Gladys Sandusky, and the Defendants, explicitly or implicitly promised that the aforementioned services would be provided in a facility that was operated, supervised, staffed and funded in a manner necessary to provide care for her, that met all applicable legal requirements, and that demonstrated the standard and degree of care and skill required of care nursing facilities in the Commonwealth of Kentucky and consistent with the expertise that Defendants presented to the community at large.

52. The Defendants breached their contract with and fiduciary duty to the Plaintiff, Gladys Sandusky, by failing to provide nursing services that were promised and that met all applicable legal requirements, demonstrated the standard and degree of care and skill required of nursing facilities in the Commonwealth of Kentucky, and that were consistent with the expertise that Defendants presented to the community at large.

53. The Defendants knew or should have known that their operation of the nursing home in Springfield, Kentucky, was not organized, operated, supervised, staffed and/or funded in a manner necessary to provide care for the Plaintiff, Gladys Sandusky, that met

all applicable legal requirements and that demonstrated the standard and degree of care and skill required of care nursing facilities in the Commonwealth of Kentucky and consistent with the expertise that Defendants presented to the community at large.

54. The Defendants further breached its contract and fiduciary duty(s) by operating the nursing home with a lack of organization, supervision, staffing and/or the finding necessary to allow, effectively, and efficiently the Plaintiff, Gladys Sandusky, to attain or maintain her highest practicable physical, mental and psychological well being and by not providing the care prescribed for and owed to her.

55. As a direct and proximate result of Defendants' breaches of contract and fiduciary duty(ies) to the Plaintiff, Gladys Sandusky, she sustained serious personal injury, required emergency treatment, was hospitalized, endured severe physical pain and suffering, and conscious mental anguish, by the breach of contract and/or other breach of fiduciary duty(ies) of the Defendants.

56. The Plaintiff seeks recovery from the Defendants, including all medical expenses and all other damages recoverable by Plaintiff resulting from the breach of contract, fraud and/or breach of fiduciary duty(ies) of the Defendants.

57. The Plaintiff further prays for such other and further relief in law and in equity as the Plaintiff may appear to be reasonably entitled as against these Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, Estate of Gladys L. Sandusky, by and through Peggy Sandusky, Administratrix for and on behalf of the Estate of Gladys L. Sandusky, respectfully demand judgment against the Defendants as follows:

1.  For compensatory and punitive damages against the Defendants in such amount as the trier of fact shall deem just, fair and equitable;

2.  For their costs expended in the prosecution of this action including a reasonable attorney's fee;

3.  For a pre and post judgment interest at the then applicable legal rate; and

4.  For any and all other relief to which the Plaintiffs may be deemed reasonably entitled including a trial by jury.

Respectfully submitted,

John E. Hackley, Esq,
117 W Main St # 2,
Stanford, KY 40484
Telephone: (606)365-1233

AND

Jason E. Williams, Esq.
Williams Farmer & Towe Law Group
802 N. Main Street
P.O. Box 3199
London, KY 40743
Telephone: (606) 877-5291
Facsimile: (606) 877-5294

BY: _____
JASON E. WILLIAMS, ESQ.
Co-Counsel for Plaintiff

AOC-805  
Rev. 10-05  
Page 3 of 3

Case No. 14-P-00094

IN RE: Estate of Gladys Lura Sandusky

## ORDER

[X] Petition filed this 10th day of Nov, 2014.

[ ] Will tendered this _____ day of _____, 2____.

Upon hearing, the Will offered was proven by _____

and **ORDERED PROBATED** as the Last Will and Testament of Decedent this _____ day of Nov, 2014.

The Court appoints: Peggy Sandusky _____ as

[ ] Executor/Executrix OR [X] Administrator/Administratrix of said estate and fixes bond in the sum of

$ 10,000.00 _____ [ ] with surety OR [X] without surety.

Date: 11-10, 2014.

_____  
Judge's Signature

Distribution:  
    Case File  
    Revenue Cabinet

ENTERED  
CIRCUIT/DISTRICT COURT  
NOV 10 2014  
JOANNE MUDD MILLER, CLERK  
BY: _____ D.C.

**EXHIBIT 1**